**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LARRY POWELL,
Plaintiff-Appellant,

v.                                                                                    No. 95-3212

FLUOR DANIEL, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CA-94-2119-6-3AK)

Argued: December 5, 1996

Decided: January 21, 1997

Before HALL and NIEMEYER, Circuit Judges, and DAVIS,
United States District Judge for the District of Maryland,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Judy Pinkston McCarthy, Knoxville, Tennessee, for
Appellant. Ingrid Blackwelder Erwin, OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, L.L.P., Greenville, South Carolina,
for Appellee. **ON BRIEF:** Benjamin P. Glass, OGLETREE,
DEAKINS, NASH, SMOAK & STEWART, L.L.P., Greenville,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Powell sued Fluor Daniel, Inc., his former employer, alleging
that Fluor Daniel discriminated against him on the basis of his disabil-
ity, a severe gastrointestinal disorder, by failing to provide a reason-
able accommodation and by firing him because of his disability. He
brought his action under the Americans With Disabilities Act, 42
U.S.C. § 12101 et seq., and analogous Tennessee law. In his com-
plaint, Powell alleged that, while working for Fluor Daniel in the
Ukraine, he developed the disorder, which eventually required him to
return to the United States for treatment, and that Fluor Daniel did not
make sufficient accommodation. He alleged further that because of
his condition, Fluor Daniel terminated his employment. Following a
four-day trial, the jury rendered a verdict on all claims in favor of
Fluor Daniel.

On appeal, Powell argues that the district court abused its discre-
tion (1) in refusing to compel further testimony during pretrial deposi-
tions of Fluor Daniel, noticed under Federal Rule of Civil Procedure
30(b)(6); (2) in refusing, at trial, to admit a greater portion of Fluor
Daniel's memorandum in support of its pretrial motion for summary
judgment as an admission by a party-opponent under Federal Rule of
Evidence 801(d)(2); and (3) in preventing Powell from introducing
evidence about loss of disability benefits.

After having considered fully the arguments of counsel and review-
ing the record, we cannot find that the district court abused its dis-
cretion on either the pretrial discovery issue or the challenged eviden-
tiary matters.

While Powell has demonstrated that Fluor Daniel frustrated his
effort to use Rule 30(b)(6) effectively, the district court observed that
Powell obtained all of the discovery that he sought. And beyond his

2

frustration during discovery, Powell has been unable to demonstrate such prejudice as would require us to order a new trial.

On Powell's first evidentiary challenge -- relating to the manner in which the district court redacted Fluor Daniel's summary judgment memorandum -- we can find no abuse of discretion. The manner in which to redact a document for presentation to the jury falls well within the broad discretion allowed to trial courts in regulating evidence.

Finally, on the second evidentiary ruling relating to the admission of evidence about Powell's disability benefits, the district court simply ruled that if Powell wished to present evidence on disability benefits of which he was allegedly deprived, the court would permit Fluor Daniel to defend by presenting evidence on related workers compensation benefits. The court never refused Powell's introduction of the evidence, but stated instead:

> No, you can ask it, but you do so at your own peril because you're the one that asked me to rule out certain matters and I ruled with you. And now you're getting ready to go back in them yourself.

(Emphasis added). In leaving such a strategic decision to Powell, the court certainly did not abuse its discretion.

Finding no merit to Powell's assignments of error, we affirm the judgment of the district court.

AFFIRMED

3